**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD VINCENT RAY, Jr., | No. 15-15745 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-05550-YGR |
| v. | |
| A. LEAL, Serial #8587P /Ind. and Off. Cap; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Edward Vincent Ray, Jr., a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Tucker v. Baxter Healthcare Corp.*, 158 F.3d 1046, 1049 (9th Cir. 1998). We may affirm on any ground supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Dismissal of Ray's action was proper because, even with the benefit of statutory and equitable tolling, Ray failed to file his action within the applicable statute of limitations. *See* Cal. Code Civ. Proc. §§ 335.1 (two-year statute of limitations for personal injury actions); 352.1(a) (statutory tolling due to incarceration not to exceed two years); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions); *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1033, 1039-40 (Cal. 2008) (setting forth California's equitable tolling doctrine and noting that "voluntary abandonment . . . may be relevant to whether a plaintiff can satisfy the three criteria for equitable tolling").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions and requests are denied.

**AFFIRMED.**